## POTTER *v.* McINTOSH.

PATENTS; INTERFERENCE; PATENTABILITY.

Where a party to an interference case is admittedly not entitled to an award of priority of invention, for the reason that in his preliminary statement he fails to allege conception prior to the filing date of his adversary, he will not be heard, on an appeal from an adverse decision of the Commissioner, to question the patentability of the invention of the issue. (Distinguishing *Podlesak* v. *McInnerney,* 26 App. D. C. 399, and following *Hisey* v. *Peters,* 6 App. D. C. 68, and *Sobey* v. *Holsclaw, ante,* 65.)

No. 358. Patent Appeals. Submitted November 13, 1906. Decided December 14, 1906.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are sufficiently stated in the opinion.

Mr. Justice McComas dissented.

*Mr. Albert G. Davis* and *Mr. Arthur A. Buck* for the appel-lant.

*Mr. Charles H. Roberts* for the appellee.

Mr. Justice McComas delivered the opinion of the Court:

John T. McIntosh, who filed his application June 14, 1902,. for a patent for an automatic safety stop device for electric vehicles, was later placed in interference with other parties, with whose devices three interferences were declared. There were twenty-six counts in the three interferences, and such proceedings were had that to all of these except one the Primary Examiner dissolved the interference. The single count is in issue here, for the Commissioner of Patents sustained the Examiner; and this count is as follows:

"An automatic safety stop device, comprising a mechanism in the controller arm of an electric motor, synchronously operated with an air-brake valve through a lever connection, substantially as described and shown."

The interference is between McIntosh and the junior party,. William B. Potter, who filed his application August 28, 1902. We refrain from reciting the preliminary decision of the Exam-iner of Interferences, and the several appeals for rehearing be-fore him and before the Examiners-in-Chief, and the elimination of several interferences, because, in our opinion, it suffices to con-sider the record and arguments of counsel in connection with the final rulings of the tribunals of the Patent Office upon the single issue whereon the Commissioner made the final decision brought before this court upon this appeal.

After the count just quoted became the remaining count of the issue, the Examiner of Interferences decided that Potter, the junior party, had failed, and gave judgment of priority of invention as to this count in favor of John T. McIntosh, the senior party. Upon appeal, the Examiners-in-Chief (two of them passing upon the question raised) held that because Mc-Intosh filed June 14, 1902, and because Potter, who filed

August 28 in that year, does not allege conception of the invention before July preceding, McIntosh was the prior inventor and was entitled to an award of priority.

Counsel for Potter urged that it is essential to an interference proceeding that the issue be patentable, and this issue is not patentable; therefore the Examiner of Interferences should be reversed because, there being no patentable invention involved, the Examiner was without jurisdiction to render a decision of priority in favor of either party. The Examiners-in-Chief held that their course was to decide the question of priority on the record as made out by the parties, and then, under rule 126, "direct the attention of the Commissioner to any matter not relating to priority which may have come to their notice, and which, in their opinion, amounts to a statutory bar to the grant of a patent to either of the parties for the claim or claims in interference." And they affirmed the decision of the Examiner of Interferences. One of the two Examiners-in-Chief under this rule called the Commissioner's attention to the opinion of the Examiner-in-Chief that this issue is not patentable in view of several patents cited by him. The other Examiner-in-Chief was of opinion that the application of McIntosh carrying this claim should be allowed. The Commissioner of Patents held, that, since the Primary Examiner considered the cited patent on motion, to dissolve, and reached the conclusion that the issue was patentable over them, and the two members of the Board of Examiners-in-Chief differed in opinion upon the question of patentability, this division of opinion in the appellate tribunal amounts to an affirmance of the decision below, and therefore no good reason was seen for referring this case to the Primary Examiner for reconsideration of the question of patentability. Thereupon counsel for Potter appealed from the decision of the Examiners-in-Chief awarding priority of invention to McIntosh. The Commissioner held that "in this case the appellant failed to allege in his preliminary statement dates of invention early enough to overcome the record date of his opponent, and brings this appeal for the sole purpose of attacking the patentability of the issue, and of preventing the grant of a patent to his opponent

for the invention defined therein.   An appeal of this kind was
brought and disposed of in the case of *Sobey* v. *Holsclaw, ante,*
65.    It was pointed out there that, upon such appeal as the
present, the case is before me simply upon the question of the
priority of the parties with regard to the subject-matter of the
issue, and that, the junior party having conceded in his pre-
liminary statement that he was subsequent to his opponent in the
possession of this subject-matter, there is nothing for me to do
but to affirm the decision of the Examiners-in-Chief in favor of
the senior party.   I am convinced that Potter should not be
heard upon this appeal in opposition to the grant of a patent to
McIntosh on the ground that the issue is not patentable.   The
reasons for this conclusion were set forth fully in *Sobey* v. *Hols-
claw, supra,* and need not be repeated here.   The circumstances
of the present case do not appear to be distinguished from those
of that case, except in regard to the matter of recommendation
by the Examiners-in-Chief under rule 126.   In the former case
the Examiners-in-Chief, after considering the arguments upon
patentability, refused to include in their decision upon priority
a statement that, in their opinion, the issue was not patentable ;
in the present case one Examiner-in-Chief found the issue to
be patentable, another found it was not patentable, and they so
stated ; the third was absent.   This distinction between the cases
is not one of consequence."

The Commissioner added that the primary examiner had
twice found the issue to be patentable, and "whatever objections
there may be to the policy and rule preventing appeal from de-
cisions affirming patentability or right to make claims, in those
cases where affirmance may result in preventing the issue of a
patent to a party who, in the event of a contrary decision, might
have been entitled thereto, this policy and rule are believed to
be in accordance with sound reason and unimpeachable in their
application to cases like the present, where the would-be appel-
lant upon patentability has in any event no standing before the
Office as a claimant for a patent upon the matter in question."

Upon a petition by Potter for rehearing, his counsel urged
that the decision of this court in *Podlesak* v. *McInnerney,* 26

App. D. C. 399, sufficiently supported his contention, and the Commissioner adhered to his ruling, correctly stating "that the consideration of the questions of right to make the claim in issue and of identity of invention was undertaken by the court because the appellant in that case came before them seeking to have determined his right to a patent to which he was apparently justly entitled if there was error in the decisions below holding that his opponent was entitled to make the claim in issue, and that there was interference in fact. In the present case the appellant is admittedly not entitled to a patent on the matter in issue, and, as was pointed out in my decision in this case, and in the case of *Sobey* v. *Holsclaw,* no good reason appears for hearing at this time the arguments of the appellant upon the patentability of his opponent's claims, or for reviewing the affirmative decision of the Primary Examiner on that question."

We concur in this very satisfactory exposition of the view which this court so recently expressed in *Sobey* v. *Holsclaw, supra.*

All three tribunals of the Patent Office have held that McIntosh was already in the Patent Office with a complete invention before Potter conceived it. Inasmuch as Potter concedes that his preliminary statement has failed to overcome the filing date of the application of McIntosh, the only office of his appeal here is to argue against the patentability of the invention of McIntosh. The appellant here, who admits that he is not the first inventor, has no exclusive personal right in the determination of the patentability, he has no greater interest than other citizens, and yet he is here asking us in a case of interference, where the patentability of the invention is a necessary prerequisite to a declaration of interference, and in a class of cases wherein, except under extraordinary circumstances, the patentability of an invention is not an open question before us, to review that question and no other. In *Hisey* v. *Peters,* 6 App. D. C. 68, this court said an appellant who claims an alleged patentable invention is not to be heard to urge nonpatentability of his claim after it has been placed in interference with other claims. His affirmation that his claim is patentable estops him. In *Sobey* v.

*Holsclaw, ante,* 65, Mr. Justice Duell so fully and exhaustively reviewed the decisions conclusive of the present case, in a case substantially like the one now before us, that it is unnecessary to repeat the grounds upon which we affirm the Commissioner of Patents in this case. We adopt the views so well stated by the Commissioner, and now affirm his final decision. The arguments of Potter's counsel have failed to satisfy us that the case before us is one of those extraordinary cases in which this court may be called upon to inquire whether there is a patentable invention involved.

This decision will be certified to the Commissioner of Patents in accordance with the statute.                    *Affirmed.*